Apr. 6, 1914.]            Pérez v. Soto et al.                    225

---

Pérez, Plaintiff and Respondent, *v.* Soto et al., Defendants and Appellants.

Appeal from the District Court of Mayagüez in an action of debt.

No. 1006.—Decided April 6, 1914.

Appeal—Dismissal of Appeal—Substitution of Parties—Heir.—An appeal by an heir who was not made a party to the action in due course in substitution of his ancestor against whom the judgment appealed from was rendered, should be dismissed.

The facts are stated in the opinion.

*Mr. Alfredo Arnaldo Sevilla* for the respondent.

*Mr. José Benet* for the appellant.

Mr. Justice Wolf delivered the opinion of the court.

This action was begun in the Municipal Court of Añasco for the recovery of $500. According to the complaint the defendants, Teresa Soto and José Gerardo Vélez, made up the testamentary succession of León N. Gardere, the former as widow and usufructuary heir and the latter as testamentary heir of the whole estate. The cause of action arose out of a transfer by José Gerardo Vélez to the complainant of an obligation for $500 made by León N. Gardere to the said Vélez by reason of a loan. So that the complainant Pérez was claiming the amount of the obligation from Vélez and Teresa Soto as heirs of the debtor, Gardere. Defendant Teresa Soto appeared by attorney and filed a demurrer to the complaint which was overruled and subsequently she answered the complaint, denying the essential averments thereof but admitting that she and the other co-defendant had accepted the estate of León N. Gardere without limitation, and she alleged other defenses. On March 11, 1913, the municipal court rendered judgment against both defendants in the amount of $500, without expressing whether it was a joint or several judgment. From this judgment the attorney of Teresa Soto took an appeal to the District Court of Mayagüez, as attorney of record of the said defendant, in the name of Pedro María Alvarez who, as stated in such notice of appeal, was the testamentary heir of such defendant who had died and was, according to such notice, the party affected by the judgment. There is no statement in the notice of appeal of the date on which she died; there is nothing in the record with regard to the substitution in the municipal court of Pedro María Alvarez for Teresa Soto as her testamentary heir, nor is there any showing of any attempt there to set aside the judgment on account of the death of Teresa Soto. She actually died a day before judgment. In the District Court of Mayagüez the same attorney, appearing in the name of Pedro María Alvarez, made a motion in the name of the latter that everything done in the municipal court should be annulled for lack of jurisdiction and such motion was accom-

panied by a death certificate. The motion was overruled on the ground that the trial in the municipal court having taken place during the lifetime of the defendant, the court had jurisdiction to render judgment against her. Thereupon the self-same attorney read the several demurrers to the court which had been presented to the municipal court and which the district court overruled. The case went on to trial and the same attorney continued to take part in the same. Judgment was rendered against defendants Teresa Soto and José Gerardo Vélez. From this judgment so rendered against both defendants the said attorney appealed solely in the name of Pedro María Alvarez.

The appeal must be dismissed because judgment was rendered against two defendants and appeal is not taken by either of them, nor is there any adequate showing that Pedro María Alvarez was in any way substituted or recognized as a party defendant in the court below. On the contrary, the court considered the case as an appeal by Teresa Soto or by the original co-defendants as representing the estate of León N. Gardere. Although the attorney states in his brief that he made a motion in the district court in behalf of Pedro María Alvarez that he be substituted as a party, there is no showing to that effect. The better practice would be to file a written motion. In any event, the judgment was rendered against Vélez and Teresa Soto and from such a judgment the said Pedro María Alvarez, even supposing he is the testamentary heir as claimed, has no right of appeal without being formally substituted.

The appeal must be dismissed.

*Appeal dismissed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.